**In the Interest of Z.W., C.C., A.R., and N.S., Appellees,**

**.v.**

**TIOGA COUNTY HUMAN SERVICES AGENCY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1998.
Filed April 14, 1998.

Edith L. Dowling, Mansfield, for appellant.

Mart Beth Owlett, Wellsboro, for appellees.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

STEVENS, Judge:

This appeal is from the decision of the Court of Common Pleas of Tioga County. In this case, Tioga County Human Services Agency (Agency), appeals the decision of the lower court to place Z.W., C.C., A.R., and N.S., (the minors), in permanent foster care placement and suspend further hearings in regard to this matter. We affirm.

On July 16, 1993, the Tioga County Court of Common Pleas found the minors to be dependent. The Honorable Robert E. Dalton, Jr., P.J., found that the minors, all of whom share the same maternal parent, were subject to mental, physical and emotional abuse at the hands of their parents and paramours of their parents. Fred and Lela Wood, foster parents, have cared for the minors until the present. In the interim, the court terminated the parental rights of both the natural mother and three of the possible natural fathers.

The Agency has filed petitions for review with the lower court every six months since July of 1993. All petitions filed prior to July of 1996 stated that the Agency's recommendation was foster care for a specific period of time. In July 1996, the Agency's recommendation to the court was that the minors be placed in foster care on a permanent or long term basis.

On January 8, 1997, the Agency filed a petition for review requesting a hearing, wherein their goal had changed from permanent or long term foster care to adoption. After a hearing, the court determined that the minors should remain in long term foster care with their present foster parents, Fred and Lela Wood, and that further review hearings were unnecessary. This appeal followed.[1]

The Agency argues that the trial court abused its discretion in placing the minors in long term foster care and, in doing so, failed to consider both state and federal statutes on this matter. Moreover, Appellant argues the trial court abused its discretion in finding that further review hearings, as to the placement of the minors, were unnecessary.

42 Pa.C.S.A. § 6351(a) provides the general rule that "if the child is found to be a dependent child the Court may make any of the following orders of disposition best suited to the protection and physical, mental, and moral welfare of the child." 42 Pa.C.S.A. § 6351(a).

Section 6351(f) provides that,

---

1. The Agency originally filed its appeal in this matter with the Commonwealth Court of Pennsylvania. After determining that the Commonwealth Court lacked jurisdiction, this matter was transferred to this Court.

"at each disposition review hearing the Court shall; (1) determine a continuing necessity for and appropriateness of the placement; (2) determine the extent of compliance with service plan developed for the child; (3) determine the extent of progress made towards alleviating the circumstances which necessitated the original placement; (4) determine the appropriateness and feasibility of the current placement goal for the child; and (5) project a likely date by which the goal for the child might be achieved."

42 Pa.C.S.A. § 6351(f). In addition, the court may order, due to a child's special needs or circumstances, that the child remain in placement on a permanent or long term basis. *See* 42 Pa.C.S.A. § 6351(g)(1)(iii). Section 6351 also provides that, at the discretion of the court, disposition review hearings need not be conducted for a child who has been placed in permanent foster care with a specific family. *See* 42 Pa.C.S.A. § 6351(h).

▆ The standard of review is whether the lower court abused its discretion in making its determination. *In the Interest of M.B.,* 449 Pa.Super. 507, 674 A.2d 702, 704 (1996). In a hearing regarding a change of goal, the trial court's focus is on what goal is in the best interest of the child. *In the Interest of Sweeney,* 393 Pa.Super. 437, 574 A.2d 690, 691 (1990). Our scope of review is limited to this Court's inability to "nullify the fact finding of the lower court." *In the Interest of C.S.,* 397 Pa.Super. 519, 580 A.2d 418, 420 (1990) (*citing Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977)).

This Court will not overrule the findings of the lower court if the findings are supported by competent evidence. *See Commonwealth ex. rel. Morales v. Morales,* 222 Pa.Super. 373, 294 A.2d 782 (1972). Both Section 6351 and relevant case law state that the main purpose of the disposition of a dependant child is to examine what is in the best interest of that child. *See* 42 Pa.C.S.A. § 6351(a); *In re Tameka M.,* 525 Pa. 348, 580 A.2d 750 (1990).

The record of testimony indicates that the trial court focused on what was in the best interest of the minors. Two of the minors, having learning and cognitive deficits, have,

from the view of the court, thrived under the care of their current foster parents. The youngest of the four minors has been with the foster parents since he was several weeks old and knows them as his parents. The court noted that although the third child is considered in the normal range of intelligence, removing that child from the Wood's care would be, at the very least, traumatic.

Testimony was taken from Nancy Whitmer, the caseworker responsible for overseeing the foster care of the minors. When asked if placing the minors in a new home would be disruptive, she testified that she felt it would. N.T. 1/23/97 p. 5. Further, Whitmer testified that she was not sure if moving the minors into permanent placement was in the minors' best interests. N.T. 1/23/97 p. 8.

Joseph McNamarra M.D., clinical psychologist for Tioga County Human Services Agency, testified regarding a possible adoption stating that, "if, for whatever reason, the environment was not equal to what they [minors] have been exposed to over the last several years [sic] in light of what they were exposed to previously to that, that could be one horrendous consequence." N.T. 1/23/97 p. 14. Both Dr. McNamarra and Ms. Whitmer testified that the minors were all doing well in the care of Fred and Lela Wood.

▆ The overriding consideration of the lower court was to make a determination as to what course of action was in the best interest of the minors. Removing the minors, in the trial court's view, would not have been in the minors' best interest and would have been harmful to their already tenuous mental and emotional well being. As such, the trial court did not abuse its discretion in keeping the goal as long term placement for the minors.

Further, this Court is not persuaded by the Agency's supposition that sections of the federal code or other statutes of this Commonwealth are in contravention with the decision of the trial court. Clearly, the central issue remains what is in the best interest of the minors. *See In the Interest of S.S.,* 438 Pa.Super. 62, 651 A.2d 174 (1994). No federal or state law prohibits placement of chil-

dren, adjudicated dependant, in long term foster care. As such, this Court finds no merit to the Agency's contention that the trial court abused its discretion.

Lastly, we find meritless the Agency's argument that the trial court erred in dispensing with dispositional review hearings. 42 Pa.C.S.A. § 6351(h) clearly provides that it is within the trial court's discretion to dispense with review hearings when a child has been placed in permanent, long term foster care. 42 Pa.C.S.A. § 6351(h)(1). Thus, we find no abuse of discretion by the trial court's discretion.

Affirmed.