788 A.2d 1006 (2001)
In the Interest of: J.H., a minor,
Appeal of: R.P., Natural mother
Superior Court of Pennsylvania.
Argued September 24, 2001.
Filed November 27, 2001.
*1007 R. Christopher Brode, Meadville, for appellant.
Stephen E. Hall, Meadville, for Crawford County CYS.
Before: DEL SOLE, President Judge, MUSMANNO and BROSKY, JJ.
MUSMANNO, J.:
¶ 1 Appellant, R.P. ("Mother"), appeals from an Order confirming the recommendations of the Juvenile Court master that: (a) the case remain in Crawford County; (b) the juvenile child, J.H., remain in foster care; and, (c) the goal of placement change from reunification to termination of parental rights and adoption with regard to both of the natural parents. We vacate the Order and remand for further proceedings.
¶ 2 J.H. was adjudicated dependent in Crawford County after a hearing held on June 2, 1998. J.H. remained in Mother's custody until April 29, 1999, when she was placed in foster care because Mother was evicted from her apartment. Mother informed Crawford County Children and Youth Services ("CC-CYS") that she intended to move to Lackawanna County to live with her sister. At an emergency placement hearing on May 7, 1999, the Juvenile Court master recommended that J.H. remain in foster care in Crawford County. An Order was entered on May 12, 1999, affirming the master's recommendations. Mother then moved to Lackawanna County to live with her sister.
¶ 3 On February 17, 2000, CC-CYS filed a Petition for a permanency hearing in Crawford County to change the placement goal with respect to J.H. from reunification to termination of parental rights and adoption. The trial court granted several continuances at Mother's request to give her an opportunity to be present at the hearing. Eventually, a master's hearing was held on May 23, 2000, at which Mother was not present.[1] The master recommended that J.H. remain in foster care and that the placement goal change from reunification to termination of parental rights and adoption. The trial court adopted the master's recommendations by its Order entered on May 26, 2000. This timely appeal followed.
*1008 ¶ 4 This Court initially returned the record to the trial court because of defects therein. On November 15, 2000, the trial court ordered Mother to file a Statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Additionally, because there was no transcript of the May 23, 2000 master's hearing, the trial court ordered Mother to proceed in accordance with either Pa.R.A.P.1923[2] or 1924.[3] Mother filed a Statement of matters complained of on appeal, but failed to prepare or file any statement in accordance with Pa.R.A.P.1923 or 1924. Consequently, the trial court did not prepare an opinion pursuant to Pa.R.A.P.1925(a).
¶ 5 On appeal, Mother raises essentially one allegation of error: whether the Pennsylvania Juvenile Act[4] and 55 Pa.Code § 3490.401 required CC-CYS to transfer J.H.'s case to Lackawanna County Children and Youth Services ("LC-CYS") to ensure that services were provided to Mother, where Mother had moved from Crawford County to Lackawanna County, and the goal of the case remained reunification. See generally Brief for Appellant at 4.
¶ 6 When reviewing an order that changes the placement goal of a dependent child from reunification to termination of parental rights and adoption pursuant to the Juvenile Act, our standard of review is abuse of discretion. In the Interest of C.J.R., 2001 PA Super 237, ¶ 5, 782 A.2d 568 (citing In re L.J., 456 Pa.Super. 685, 691 A.2d 520 (1997)). In C.J.R., this Court further stated:
When reviewing such a decision we are bound by the facts as found by the trial court unless they are not supported in the record. (citation omitted). Furthermore, in a change of goal proceeding, the trial court must focus on the child and determine the goal in accordance with the child's best interests and not those of his or her parents. In re J.S.W., 438 Pa.Super. 46, 651 A.2d 167 (1994); In the Interest of Z.W., 710 A.2d 1176 (Pa.Super.1998).
At each review hearing concerning a child who has been adjudicated dependent and removed from the parental home, the trial court must consider: the continuing necessity for and appropriateness of the placement; the extent of compliance with the service plan developed for the child; the extent of progress made towards alleviating the circumstances which necessitated the original placement; the appropriateness and feasibility of the current placement goal for the child; and, a likely date by which the goal for the child might be achieved. 42 Pa.C.S.A. § 6351(f); In the Interest of Z.W., 710 A.2d 1176 (Pa.Super.1998).
C.J.R., 2001 PA Super 237, ¶ 5, 782 A.2d 568 (quoting In the Interest of A.P., 728 A.2d 375, 378 (Pa.Super.1999)).
¶ 7 Because we are without a transcript of the master's hearing or a trial court opinion, we are unable to determine whether the trial court's findings are supported by the record, or whether the trial court considered the appropriate factors *1009 incumbent upon making a goal change. Therefore, we cannot determine whether the trial court abused its discretion. Without reaching the merits of Mother's claim, we must remand this case for an evidentiary hearing to construct a record so that this Court can determine whether the trial court abused its discretion.
¶ 8 In light of the mandate espoused by this Court in A.P., 728 A.2d at 378, that a reviewing court must consider whether a change in permanency goal is supported by the record, we cannot contemplate a situation where this Court could review an order changing a permanency goal with regard to a dependent child, from reunification to termination and adoption, without a transcript of the permanency review hearing and an opinion from the trial court. Therefore, although the Pennsylvania Rules of Civil Procedure and the Juvenile Act do not explicitly require that a transcript be made of permanency review hearings, it is incumbent upon the courts of common pleas throughout this Commonwealth to ensure that a transcript exists of any hearing, before a master or judge, which adjudicates a change of placement goal with regard to a dependent juvenile.[5]
¶ 9 Order vacated; remanded to the trial court for an evidentiary hearing consistent with this Opinion; jurisdiction relinquished.
NOTES
[1] It appears from our review of the record that there is no transcript of the Juvenile Court master's May 23, 2000 hearing.
[2] Rule 1923 directs an appellant to prepare a statement of the evidence where a transcript is unavailable. This statement is sent to opposing counsel, and opposing counsel is given the opportunity to object to or amend the statement. Both the statement and any objections or amendments are then filed with the trial court for settlement, approval and inclusion in the record on appeal. Pa.R.A.P. 1923.
[3] Rule 1924 allows the parties to prepare and sign a statement of the case to be certified by the lower court and to serve as the record on appeal where no record is available. Pa. R.A.P. 1924.
[4] 42 Pa.C.S.A. §§ 63016365.
[5] A trial court, at the request of a party or on its own accord, may order that any hearing conducted under the Juvenile Act be "recorded by appropriate means." 42 Pa.C.S.A. § 6336(c).